IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| STEPHEN B. SMALL, | ) | |
| PLAINTIFF, | ) ) ) | |
| v. | ) ) | No. 4:11-CV-0470-DGK |
| FEDERAL HOME LOAN MORTGAGE CORPORATION d/b/a/ FREDDIE MAC, et. al., | ) ) ) ) | |
| DEFENDANTS. | ) ) | |

## ORDER GRANTING MOTIONS TO DISMISS

This action arises out of the purchase of force-placed insurance on Plaintiff Stephen Small's home. Small, who is an attorney representing himself, obtained a mortgage loan on his property in Kansas City, Missouri in 1993. That loan is now owned by Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") and serviced by Defendant GMAC Mortgage, LLC ("GMAC").

Now before the Court are the Defendants' various unopposed motions to dismiss. Specifically, these motions are Defendants GMAC, GMAC Mortgage Corporation, and GMAC Residential Holding Company, LLC's (collectively "GMAC Defendants") Motion to Dismiss (doc. 26) brought pursuant to Fed. R. of Civ. P. 8 and Fed. R. of Civ. P. 12(b)(6); Defendant Federal Home Loan Mortgage Corporation's d/b/a Freddie Mac ("Freddie Mac") and the members of its board of directors[1] Rule 12(b)(6) Motion to Dismiss (doc. 28); and Defendants Bank of America Corporation ("BOA"), the members of its board of directors,[2] Balboa Insurance

---

[1] Freddie Mac's directors who have been sued individually are Linda B. Bammann, Carolyn H. Byrd, Robert R. Glauber, Charles E. "Ed" Haldeman, Jr., Laurence E. Hirsch, Anthony A. Williams, John A. Koskinen, Christopher S. Lynch, Nicolas P. Retsinas, Clayton S. Rose and Eugene B. Shanks, Jr.

[2] Plaintiff has named the following individuals of BOA's board of directors: Charles O. Holliday, Mukesh D. Ambani, Susan S. Bies, William P. Boardman, Frank P. Bramble, Sr., Virgis W. Colbert, Charles K. Gifford, D.

Company, and Meritplan Insurance Company's (collectively "BOA Defendants") Motion to Dismiss (doc. 34) brought pursuant to Fed. R. of Civ. P. 8 and Fed. R. of Civ. P. 12(b)(6).

The history of this case is as follows. Small's home sustained storm damage in 2004 which his insurance company, which is not part of this litigation, allegedly failed to repair. As a result, the house deteriorated, and Small became engaged in protracted litigation with his insurance company.[3] In 2009, Small notified GMAC that he would no longer carry homeowners' insurance on the property. GMAC informed Small that unless he carried insurance on the property, it would purchase force-placed insurance on the property pursuant to the terms of the Deed of Trust. After Small failed to secure homeowners insurance, GMAC purchased force-placed insurance from Defendant Balboa Insurance Group and deducted the cost from the loan's escrow account.

Small subsequently stopped making payments on his mortgage. GMAC notified Small that it would initiate foreclosure proceedings and a foreclosure sale would take place on August 13, 2010. On August 3, 2010, Small filed this lawsuit in the Circuit Court of Jackson County, Missouri, which Defendants removed. The First Amended Complaint alleges that GMAC's purchase of force-placed insurance on the property was unlawful, and it named as Defendants approximately 50 business entities and directors at those entities.

Defendants subsequently filed the pending motions to dismiss. Despite being granted several extensions of time, Plaintiff failed to respond. On December 6, 2011, the Court granted Small leave until December 30, 2011 to either file a response to the motions to dismiss or file a new motion for leave to amend. Plaintiff did not file either a response or a motion for leave to amend, but instead requested a very short extension of time, which the Court granted.

---

Paul Jones, Jr., Monica C. Lozano, Thomas J. May, Brian T. Moynihan, Donald E. Powell, Charles O. Rossotti, and Robert W. Scully.

[3] This litigation is approaching its six year anniversary, and although Small has been represented by two attorneys in the case, he is now representing himself. *See Assoc. Indem. Corp. v. Small*, No. 4:06-cv-187-REL (W.D. Mo.).

On January 3, 2012, Small filed a motion to stay.  The Court denied the motion and ordered Plaintiff to either respond to the pending motions to dismiss or file a motion to amend on or before March 1, 2012.  The Court warned Plaintiff that if he failed to respond by this date, it would rule on the pending motions to dismiss based on the existing record.  Plaintiff has not responded, and the Court now rules as follows.

Because Plaintiff has not addressed the arguments raised in the motions, the arguments are conceded.  *Jasperson v. Purolator Courier Corp.*, 765 F.2d 736, 740 (8th Cir. 1985) ("A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue.").  Thus, with respect to the arguments raised in the GMAC Defendants' motion, the Court holds the Complaint fails to state a claim for breach of contract based upon GMAC's acquisition of forced-placed insurance.  There can be no breach of contract on the facts alleged here, because the Deed of Trust provides that when the borrower fails to maintain insurance coverage or fails to perform agreements set out in the security agreement, such as maintaining insurance on the property, the lender may do and pay for whatever is necessary to protect the property's value and the lender's rights in the property.  Similarly, with respect to Complaint's assertion that the Note and Deed of Trust are unenforceable and the other non-contract claims, the Court holds the Complaint violates Rule 8 and *Twombly* by failing to make specific factual allegations against the GMAC Defendants sufficient to support these claims.  Accordingly, the GMAC Defendants' motion to dismiss (doc. 26) is GRANTED.

Turning to the Freddie Mac Defendants' motion, the Court holds the claims against the Freddie Mac directors must be dismissed because Plaintiff failed to allege specific facts alleging that they had "actual or constructive knowledge of, and participated in, an actionable wrong" as required under Missouri law.  *Zipper v. Health Midwest*, 978 S.W.2d 398, 414 (Mo. Ct. App. 1998).  With respect to the remaining claims, Plaintiff has failed to state a sufficient legal or

3

factual basis for them.  Consequently, the Freddie Mac Defendants' motion to dismiss (doc. 28) is also GRANTED.

Turning to the BOA Defendants' motion, the Court observes that the introduction to their brief accurately summarizes their involvement in this case:

> The BOA Defendants have nothing to do with this lawsuit. Defendant GMAC Mortgage, LLC ("GMAC") purchased forced placed insurance on Plaintiff's property through Balboa [Insurance Company]. Balboa happens to be a subsidiary of BOA. The previous two sentences sum up the entirety of the BOA Defendants' involvement in this lawsuit. That's it. Neither Balboa nor the other BOA Defendants have done anything wrong, and the Complaint should be dismissed.

Suggestions in Supp. (doc. 35) at 1.  Indeed, the only claim that mentions the BOA Defendants is the conspiracy count, Count X, which alleges the BOA Defendants conspired with Freddie Mac to overcharge Plaintiff for the forced-placed insurance.  This allegation is conclusory and highly implausible given the factual context of this dispute, and so fails to state a claim for relief that is plausible on its face.  *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (observing that whether a claim is plausible is context-specific, requiring the court to draw upon its experience and common sense).  Accordingly, the BOA Defendants' motion to dismiss (doc. 34) is also GRANTED.

For the foregoing reasons, all claims against Defendants are DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:   March 5, 2012                             /s/ Greg Kays
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT